FILED

May 12 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax:  (510) 637-3724
    Email:  Maureen.Bessette@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br><br>REQUEST FROM VIETNAM FOR ASSISTANCE IN A SMUGGLING INVESTIGATION, | Case No. 4:20-xr-90540-KAW<br><br>Memorandum of Points and Authorities in Support of Application for Appointment of Commissioners to Execute Foreign Legal Assistance Request |

INTRODUCTION

    The United States is seeking an Order appointing Assistant United States Attorney Maureen C. Bessette to be Commissioner to collect evidence requested by Vietnam ("the Request") and to seek other Orders, as needed, to execute the Request, as authorized by 18 U.S.C. § 3512.[1]

    A.  <u>Request for Production of Criminal Evidence Located in the NDCA</u>

    On March 18, 2019, the Central Authority of Vietnam, the People's Procuracy, submitted the Request for assistance. As stated in the Request, the Ho Chi Minh City Public Security, Investigation Police Division requests legal assistance from the U.S. Department of Justice, Office of International Affairs, in its criminal investigation. The investigation involves the smuggling of walnuts from California into Vietnam, by mislabeling them as almonds. Vietnamese authorities believe that the nuts

---

[1] The United States does not have a Mutual Legal Assistance Treaty with Vietnam but hereby seeks to respond to Vietnam's request pursuant to the principle of reciprocity.

MEMO OF POINTS AND AUTHORITIES

were intentionally mislabeled in order to avoid the payment of import taxes, in violation of Vietnam Penal Code, Article 188 § 4 (smuggling).

The facts are as follows:

In July 2016, an entity in Vietnam ("Importer") signed a contract to import walnuts from an entity in San Leandro, California ("Exporter"), with an attendant import tax of 30%. The accompanying customs declaration form dated July 30, 2016, declared that the 617 barrels consisted of almonds valued at USD $18,510, with an attendant import tax of 10%. Vietnamese authorities examined the 617 barrels and determined that they contained walnuts, valued at approximately USD $33,263), and an import tax of 30%.

Authorities interviewed the Importer who admitted that he had entered into a contract with the San Leandro Exporter to buy 1,100 barrels of walnuts, for USD $41,250. The Importer prepared a Customs Declaration form dated July 30, 2016, to reflect almonds, instead of walnuts, in order to pay the lower 10% tax for almonds. The Importer also told authorities that he called the Exporter and asked them to adjust the documents and contract for the shipment to make it appear that he had purchased 617 barrels of almonds for USD $18,510.

Authorities obtained a certificate of plant quarantine for this shipment, which showed the exported product was 1,100 barrels of walnuts.

Vietnamese authorities ask the United States to obtain documents and testimony on this shipment from the Exporter and the shipper.

Although there is no treaty with Vietnam obligating the United States to assist in responding to the Request, the United States does so as a matter of reciprocity. The undersigned seeks to be appointed Commissioner by this Court pursuant to 18 U.S.C. § 3512, in order to issue and serve Commissioner Subpoenas on the above entities to obtain the requested information.

B. Authority to Grant the Request for Assistance Under Applicable Law

Pursuant to applicable statutory authority and its inherent authority, federal courts may issue orders as necessary for the production of evidence requested by foreign countries, including issuing orders appointing a person to act as a Commissioner to gather such evidence. *See* 18 U.S.C. § 3512.

///

When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*     \*     \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*     \*     \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

An application is duly authorized by an appropriate U.S. Department of Justice official when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. *See In re Request from the United Kingdom*, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. *See, e.g.*, 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements

MEMO OF POINTS AND AUTHORITIES

3

or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

C. <u>The present request qualifies for assistance pursuant to applicable statutory authority</u>

The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the designated Central Authority in Vietnam, and seeks assistance in a smuggling investigation, in violation of Article 188 § 4 of the Vietnam Penal Code, a criminal

---

between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  *See* 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

MEMO OF POINTS AND AUTHORITIES

4

1 | offense in Vietnam.  The requested Order is necessary to execute the Request, and the assistance
2 | requested, *i.e.*, documents and testimony, falls squarely within that contemplated by Section 3512 and
3 | the Treaty.  Finally, this application filed in the Northern District of California where the evidence lies.
4 |       This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal
5 | matters.
6 |       When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the
7 | use of compulsory process comparable to that used in domestic criminal investigations and/or
8 | prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (*i.e.*, grand jury and criminal
9 | trial subpoenas) are issued without notice to any person other than the recipient (*i.e.*, no notice to targets
10 | or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to
11 | Section 3512 likewise should require no notice other than to the recipients.  This is true even if the
12 | Requesting state seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401
13 | et seq., including its notice provisions, does not apply to the execution of foreign requests for legal
14 | assistance.  *Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072
15 | (1990); *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F. Supp. 204, 211
16 | (S.D.N.Y. 1993); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-*
17 | *Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should
18 | authorize a commissioner to collect the evidence requested without notice to any person other than the
19 | recipient(s) of any given commissioner subpoena.
20 |       Therefore, the United States respectfully requests that this Court issue the attached Order,
21 | pursuant to 18 U.S.C. § 3512, appointing the undersigned Assistant U.S. Attorney Maureen C. Bessette
22 | as Commissioner, authorizing the undersigned to take the actions necessary, including the issuance of
23 | commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request
24 | for assistance and any subsequent supplemental requests in connection with the same matter, to do so in
25 | a manner consistent with the intended use of the evidence.
26 | ///
27 | ///
28 | ///

## CONCLUSION

Accordingly, the government respectfully requests that this Application be granted and that the accompanying Order Appointing the Commissioner be issued.

DATED: April 28, 2020                             Respectfully submitted,

                                                  DAVID L. ANDERSON
                                                  United States Attorney


                                                  _____/s/_____
                                                  MAUREEN C. BESSETTE
                                                  Assistant United States Attorney

# ATTACHMENT A

COMMISSIONER'S SUBPOENA FOR TESTIMONY AND DUCUS TECUM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
CASE NO. CR 20-    MISC

ISSUED TO:  Representative of _____

I, Commissioner Maureen C. Bessette, Assistant United States Attorney for the Northern District of California, acting under authority of Title 18, United States Code, Section 3512, as well as a Commission from a Federal Judge, for the purpose of rendering assistance to Vietnam, command that you appear before AUSA Bessette at the United States Attorney's Office, located at 1301 Clay Street, Suite 340S, Oakland, California 94612, on ___ __, 2020, at __:00 a.m., for inquiry in the Matter of Vietnam, involving smuggling in violation of Article 188 § 4, Vietnam Penal Code.

In addition, please bring the

For failure to attend and provide testimony and/or said records, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

DATE:  April __, 2020                     _____
                                          Maureen C. Bessette
                                          Appointed Commissioner
                                          U.S. Attorney's Office, Northern District of California
                                          Telephone: (510) 637-3691

COMMISSIONER'S SUBPOENA

Issued under authority of an Order of the United States District Court
For the Northern District of California
Title 18, United States Code, Section 3512

RETURN OF SERVICE                                    UNITED STATES OF AMERICA
                                                     DEPARTMENT OF JUSTICE

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of:

Personal delivery to an individual, to wit:

(Name) _____

(Title) _____

(Address) _____

personal delivery to an address, to wit:

(Description of premises) _____

(Address) _____

registered or certified mailing to:

(Name) _____

(Address) _____

( ) a.m., at _____ ( ) p.m. on _____

(SIGNATURE) _____

(TITLE) _____

(DATE) _____

Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the United States District Court.